**PEABODY COAL COMPANY et al.,
Appellants,**

v.

**Willard SIMPSON et al., Appellees.**

Court of Appeals of Kentucky.

March 7, 1975.

Rehearing Denied June 20, 1975.

James M. Graves, Larry L. Johnson, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellants.

E. Louis Johnson, Owensboro, Earl M. Cornett, Dept. of Labor, Frankfort, Gemma M. Harding, Louisville, for appellees.

JONES, Justice.

Peabody Coal Company appeals from a judgment affirming an opinion and award of the Workmen's Compensation Board. Peabody contends: (1) that the opinion and award of the board is ambiguous, and (2) that the board-appointed physician's report was based upon a history proven to be false and did not constitute probative evidence.

Willard Simpson was employed by Peabody on November 25, 1968. On March 5,

1969, Simpson sustained a back injury when a large piece of coal fell on him. He made no claim for this injury, and subsequently returned to work.

On November 20, 1970, Simpson tripped over a drill cable and was thrown to the ground. He alleges that his back was injured as a result of the fall.

Simpson filed with the board an application for adjustment of claim for injuries sustained on November 20, 1970. After all the evidence was submitted to the board, it rendered an opinion and award declaring Simpson to be 100% permanently disabled. The pertinent portion of the opinion and award attacked by Peabody follows:

"3. After reading all of the medical, the Board finds plaintiff was still receiving medical treatment for his injury of March 5, 1969 at the time he received his second injury and find that the second injury was a continuing of the first injury; that plaintiff is 100% permanently and totally disabled as a result of said injuries. . . ."

This court is of the opinion that the trial court erred in sustaining the findings of the board. The board directed Peabody to pay all the disability benefits to Simpson. Simpson had made no claim for benefits resulting from the March 5, 1969 injury. There is no specific finding by the board that Simpson was not occupationally disabled prior to the November 20, 1970 injury. Such a finding is necessary to support the board's failure to carve out of the award that portion of Simpson's disability which is attributable to the March 5, 1969 injury.

The medical evidence shows that Simpson's back injuries continued from the prior injury to the subsequent injury. He made numerous visits to his doctor and was treated for a back injury. At the time of the injury of November 20, 1970, it is obvious that Simpson had an active pre-existing, disabling condition. Neither the Special Fund nor Peabody is liable for the percentage of resulting disability attributable to the March 5, 1969 injury. KRS 342.270. This court is unable to determine what percentage of Simpson's disability was attributable to either the March 5, 1969 injury or to the injury of November 20, 1970. The court holds that the opinion and award of the board is patently ambiguous.

Peabody's second contention of error is without merit.

The judgment is reversed with directions to remand the proceedings to the board for appropriate proceedings consistent with this opinion.

All concur.